## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

KITSCH LLC, a Delaware limited liability
company,

        *Plaintiff,*

v.

THE PARTNERSHIPS AND
UNINCORPORATED CORPORATIONS
IDENTIFIED ON SCHEDULE "A",

        *Defendants.*

Case No.   1:25-cv-24887

## COMPLAINT

Plaintiff, KITSCH LLC, a Delaware limited liability company ("Plaintiff") hereby brings this design patent infringement action against the Partnerships and Unincorporated Associations identified in Schedule "A" attached hereto as Exhibit 1 (collectively, "Defendants") and alleges as follows:

### I.     NATURE OF THE ACTION

1.     This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

2.     Plaintiff files this action to combat foreign design patent infringers who trade upon Plaintiff's invention, reputation, and goodwill by selling and/or offering for sale unlicensed products, namely the Hair Towels ("Infringing Products"). The Defendants operate several Amazon storefronts (the "Amazon Storefronts") intended to appear to be selling genuine products, while actually selling Infringing Products to unbeknownst consumers. The Amazon Storefronts share unique identifiers, such as similar product images and specifications, advertising, design

1

elements, and similarities of the infringing products themselves, establishing a logical relationship between them and suggesting that Defendants' operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of Plaintiff's patented design, as well as to protect innocent consumers from purchasing Infringing Products on Amazon. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

## II.    JURISDICTION AND VENUE

3.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq*., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

4.    This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Florida, through at least the fully interactive, commercial Amazon Storefronts. Specifically, Defendants are reaching out to do business with Florida residents by operating the Amazon Storefronts through which Florida residents can purchase Infringing Products. Each of the Defendants has targeted sales from Florida residents by operating online stores that offer shipping to the United States, including Florida, accept payment in U.S. dollars, and on information and belief, has sold Infringing Products to residents of Florida. Each of the Defendants is committing tortious acts in Florida, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Florida.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants are Chinese individuals or entities.

### III.    THE PARTIES

6.      Plaintiff Kitsch is a limited liability company organized under the laws of Delaware, having a principal place of business at 5301 Rosewood Avenue, Los Angeles, California 90004.

7.      Plaintiff is the exclusive licensee with the right to sue under the attached U.S. Design Patent, U.S. Patent No. D939,812, a true and correct copy of which is attached hereto as Exhibit 2 ("Plaintiff's Patent").

8.      Upon information and belief, Defendants are individuals or business entities based in China and Vietnam, who own and/or operate one or more e-commerce stores.

9.      Defendants offer for sale the same infringing product under different brand names and color schemes, with identical shapes and features, including: (1) the overall design and appearance of the microfiber hair towels; (2) the use of similar product images showcasing the towels' appearance and functionality; and (3) the usage of nearly identical descriptions and product listings, including key phrases such as "fast and comfortable drying," "chic and gentle on hair and skin," and "environmentally friendly." *See* Exhibit 3.

10.     Moreover, the Defendants have listed their locations as being in China and/or Vietnam. It is common practice for Chinese business entities to open and operate multiple Amazon listings under different names, even though they are owned and operated by the same entity.

## IV.    BACKGROUND

11.    Plaintiff sells its own hair towels on Amazon, which embodies and practices the Patent. Plaintiff's hair towels are well-established on Amazon and enjoy quality customer reviews and high ratings.

12.    Plaintiff has not granted a license or any other form of permission to Defendants to practice the Patent.

13.    On information and belief, Defendants are an interrelated group of infringers working in active concert to willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Patent in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same infringing products with minor variations as well as similar if not identical product images and descriptions. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

14.    Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Amazon Storefronts. On information and belief, Defendants regularly create new Amazon listings to allocate potential liability. Such Defendant Amazon registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

15.    Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Amazon Storefronts. The Amazon Storefronts include notable

common features beyond selling the same infringing products, including the same product images, accepted payment methods, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, and the use of the same text and images.

16.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new storefronts once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

17.     Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take-down notices. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

18.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe the Patent, and continue to do so via the Amazon Storefronts. Each Defendant Amazon Store offers shipping to the United States, including Florida, and, on

information and belief, each Defendant has sold Infringing Products into the United States, including Florida.

19.     Defendants' infringement of the Patent in the offering to sell, selling, or importing of the Infringing Products is willful.

20.     Defendants' infringement of the Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products in Florida, is irreparably harming Plaintiff.

## V.     COUNT I: DESIGN PATENT INFRINGEMENT

21.     Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

22.     Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe the ornamental design claimed in the Patent, i.e., the ornamental design for a hair towel. To an ordinary observer, Defendants' Infringing Products would be substantially the same as the patented design as shown in Exhibit 4 hereto.

23.     Defendants have infringed the Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

24.     Unless a temporary restraining order, preliminary and permanent injunction are issued enjoining Defendants and all others acting on in active concert therewith from infringing the Patent, Plaintiff will continue to be irreparably harmed.

25.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

1)     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.     offering for sale, selling, and importing any products not authorized by Plaintiff that embody or practice any reproduction, copy or colorable imitation of the ornamental design claimed in the Plaintiff's Patent;

    b.     aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patent; and

    c.     effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2)     Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, Dhgate, and TikTok Shop, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

a.    disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patented Design;

b.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patented Design; and

c.    take all steps necessary to prevent links to the Amazon Storefronts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Amazon Storefronts from any search index.

3)    That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the Patent, including and not limited to all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' infringement of the Patent.

4)    That the Court increase the damages up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284.

5)    That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6)    Any and all other relief that this Court deems just and proper.

## VII.   JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a jury trial on all issues triable by a jury.

Dated:  October 23, 2025

                         Respectfully submitted,

                         /s/ *Lindsey Thurswell Lehr*
                         Lindsey Thurswell Lehr (Bar No. 84747)
                         SIEGFRIED RIVERA, P.A.
                         201 Alhambra Cir, 11th Floor
                         Coral Gables, FL 33134

Telephone: 305-442-3334
Fax: 305-443-3292
**llehr@siegfriedrivera.com**

*Counsel for Plaintiff Kitsch, LLC*